FILED

12/04/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0025



IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0025

ELLEN HUBBELL, INDIVIDUALLY and as
PERSONAL REPRESENTATIVE OF THE
ESTATE OF JESSE HUBBELL,

      Plaintiff and Appellant,

v.

GULL SCUBA CENTER, LLC d/b/a GULL DIVE
CENTER,

      Defendant and Appellee

O R D E R

FILED

DEC 0 4 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

On October 29, 2024, we issued an opinion in the above-entitled action affirming the District Court's grant of summary judgment. *Hubbell v. Gull SCUBA Ctr., LLC*, 2024 MT 247, 418 Mont. 399. Ellen Hubbell petitions for rehearing. Gull Scuba Center ("Gull") opposes the petition.

M. R. App. P. 20(1)(a) provides that a petition for rehearing will be considered only when the Court "overlooked some fact material to the decision," when "it overlooked some question presented by counsel that would have proven decisive to the case," or when "its decision conflicts with a statute or controlling decision not addressed" by the Court. Ellen asserts that we overlooked a question she presented as to whether the District Court erred when it used the PADI Retailer Association ("PRA") Membership Standards as the *exclusive* basis for determining Gull's duty to her husband, Jesse Hubbell, and that we overlooked the material fact that her expert, Brett Gilliam, asserted that Gull had a duty beyond checking Jesse's dive certification.

Ellen's first argument does not present adequate grounds for rehearing because we will not rehear a case based on an asserted conflict with a question we did consider in the Opinion. *See State v. Thomas*, 2019 Mont. LEXIS 325, *1 ("This argument raises an issue that was considered and resolved by the Court in the Opinion."). We first considered the

question of exclusive reliance on the PRA Membership Standards in the context of whether the argument had been preserved for appeal. *See Hubbell*, ¶ 13. Having decided that it was preserved, we nevertheless concluded that the District Court was entitled to rely exclusively on the PRA Membership Standards because both sides agreed that they were accepted within the industry, which is all that is required by our case law. *See Hubbell*, ¶ 14. To the extent that Ellen's argument is that the District Court erred by excluding broader industry standards articulated by Gilliam and Maddox, we addressed that argument separately. *See Hubbell*, ¶¶ 15-19. We did not fail to address a decisive question.

Ellen's second argument is also unavailing because we did not overlook Gilliam's testimony. Ellen asserts that Gilliam asserted a duty to verify a diver's skill level before renting him or her equipment. But as Gull points out in its response, Ellen takes sections of Gilliam's report out of context to suggest a point he did not make. In his deposition, Gilliam expressly disavowed an industry standard requiring dive shops to do anything beyond verifying a diver's certification. In his report, Gilliam did assert that Gull failed to verify Jesse's training, but only in the context of its duty to verify his certification, which would have vouched for his training.

Accordingly,

IT IS HEREBY ORDERED that the petition for rehearing is DENIED.

The Clerk of Court is directed to mail copies of this Order to all counsel of record.

DATED this 4ᵗʰ day of November, 2024.

_____
Chief Justice

_____

_____

2

_____

_____
Justices